**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Case No. 08-cr-00318-JLK

**UNITED STATES OF AMERICA,**

    Plaintiff,

    v.

**1. WAYNE D. BREITAG,**

    Defendant.

## ORDER GRANTING RENEWED MOTION TO TRANSFER CASE

Kane, J.

Defendant's Renewed Motion to Transfer Case for Trial to the Northern Division of the District of South Dakota (Doc. 173) is GRANTED over the Government's objection (Docs. 142, 175) for the following reasons:

1. Through no fault of the Defendant, a mistrial was declared because of the misconduct of a juror during deliberations. A new trial date has been set, but can be vacated and provide both the Government and the Defendant with adequate time to prepare for trial.

2. The Defendant has incurred substantial expenses in traveling and staying in Denver to defend the charges against him and I find that the accrual of further avoidable costs would seriously prejudice him. A second set of costs incident to travel and bringing witnesses to attend court in Denver from South Dakota constitute an undue and unnecessary burden on him.

3. There is no significant connection between the District of Colorado and the crimes charged. Defendant is charged with various violations of smuggling and the Lacey Act based

upon activities occurring in South Africa in 2002 and the filing of false information in 2004. The skin and skull of the leopard involved were intercepted in Denver, Colorado, but no other activity occurred here. In fact, all but one government witness were brought to Colorado from South Africa, California, South Dakota and Pennsylvania.

4. The majority of witnesses testifying reside in South Dakota and it is considerably more convenient and economical for them to testify in the Northern Division of the District of South Dakota than in the District of Colorado.

5. The Government was represented in the first trial primarily by Washington, D.C. based Department of Justice counsel who traveled to Denver from the DC area. The Government is not prejudiced by trying this case in any federal district and the Northern Division of the District of South Dakota is no more inconvenient for the Government than the District of Colorado.

6. While the Defendant has already exhausted his savings and spent considerable money in defending against the charges in this case, his right to counsel of his choice is seriously impaired by keeping this case in the District of Colorado. Transferring to the Northern Division of the District of South Dakota reduces the costs and expenses of his counsel who lives and maintains his practice in South Dakota.

7. Based on the serious hardships placed on the Defendant by holding a trial in this case in the District of Colorado, the relative lack of inconvenience placed on the Government by transfer, and the fact that all exhibits and instructions of law necessary to try this case can be easily transported to Aberdeen, South Dakota, the balance in favor of transfer weighs heavily in favor of granting the Defendant's motion.

For the foregoing reasons, the Motion is GRANTED.  This case is transferred to the Northern Division of the District of South Dakota and the trial date presently set in the District of Colorado is stricken.

Dated: September 8, 2009

                                                *s/John L. Kane*
                                                SENIOR U.S. DISTRICT JUDGE